IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN WILLIAMS,<br>NO. 02247082,<br><br>      Plaintiff,<br><br>v.<br><br>SHERIFF ADRIAN GARCIA,<br><br>      Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-15-0825 |

## MEMORANDUM OPINION AND ORDER

Allen Williams, an inmate incarcerated at the Harris County Jail, has filed a civil rights complaint alleging that the Harris County Sheriff's Office has endangered his life through the use of symbols and logos in violation of the trademark and copyright law. Williams has not paid the filing fee. Williams has a similar lawsuit against the Harris County Sheriff, although he raises different fact allegations supporting an equally bizarre claim of life endangerment. Williams v. Garcia, No. H-15-709 (N.D. Tex. 2015). The court has ordered Williams to correct deficiencies in his pleadings in that action.

Williams's claims in this action of endangerment based on trademark and copyright law are so irrational that they can only be considered frivolous. See e.g. Praileau v. Fischer, 930 F.Supp.2d 383, 393 (N.D.N.Y. 2013). Williams fails to assert facts indicating that Sheriff Garcia violated his rights under 42 U.S.C. § 1983. See Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys, 675 F.3d 849, 854-855 (5th Cir.2012), citing

James v. Tex. Collin Cnty., 535 F.3d 365, 373 (5th Cir. 2008). Williams's delusional and unsupported allegations require no further inquiry or investigation by the court. Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009).

This prisoner action shall be dismissed as frivolous and malicious under 28 U.S.C. § 1915(e). Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989) (in forma pauperis complaints may be dismissed under § 1915 if they attempt to relitigate claims which have already been submitted by the plaintiff and rejected by the courts), citing Bailey v. Johnson, 846 F.2d 1019 (5th Cir. 1988).

Williams has not filed an application to proceed in forma pauperis in this proceeding, but he is obligated to pay the entire filing fee ($350.00) under 28 U.S.C. § 1915(b) whenever he files a prisoner civil rights complaint in federal court. See Hatchet v. Nettles, 201 F.3d 651 (5th Cir. 2000). The Inmate Trust Fund of the Harris County Jail shall deduct 20% of each deposit made to Williams's account (No. 02247082) and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

## CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. The complaint (Docket Entry No. 1) is **DISMISSED** with prejudice as frivolous and malicious. 28 U.S.C. § 1915(e).

2. The Harris County Jail Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List; and the Harris County Jail Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on the 3rd day of April, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE